NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUIS MARTINEZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff(s),<br><br>v.<br><br>JEFFERSON CAPITAL SYSTEMS, LLC; and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Action No. 23-22367<br><br>**OPINION**<br><br>July 26, 2024 |

**SEMPER**, District Judge.

The current matter comes before the Court on Jefferson Capital System, LLC's ("Defendant") Motion to Dismiss Luis Martinez's ("Plaintiff") Complaint (ECF 1, "Compl."). (ECF 4, "MTD.") Plaintiff opposed the motion. (ECF 5, "Opp.") Defendant filed a reply. (ECF 9, "Reply.") The Court has decided this motion upon the submissions of the parties, without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons stated below, Defendant's Motion to Dismiss is **GRANTED**.

I.  **FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]**

Plaintiff brings this action against Defendant Jefferson Capital Systems LLC alleging that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, when Defendant sent Plaintiff a letter dated June 7, 2023 regarding a financial obligation incurred

---

[1] The facts and procedural history are drawn from the Complaint (ECF 1, Compl.) and documents integral to or relied upon by the Complaint. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). For the purposes of a motion to dismiss, the facts drawn from the Complaint are accepted as true. *See Fowler v. UMPC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

regarding a prior sale of a motor vehicle. (ECF 1, Compl. ¶¶ 15, 17, 24.) At the time the letter was sent, a claim based on the debt would have been barred by the statute of limitations. (*Id.* ¶ 26.)

The letter stated, in part:

> Paying your outstanding balance can seem stressful. We have a payment offer that allows you to resolve your CONSUMER PORTFOLIO SERVCS account. You can resolve this account with a one-time payment of $5,079.87 which represents approximately a 55% savings. The deadline to accept this offer[] expires on 06/26/2023. . . THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

(*Id.* ¶¶ 28-31.)

The quoted language is alleged to be false and misleading in violation of 15 U.S.C. § 1692e, § 1692e(2)(A), § 1692e(5), and § 1692e(10). (*Id.* at 10.) Plaintiff also seeks declaratory judgment pursuant to the New Jersey Declaratory Judgment Act. (*Id.* at 9.)

On or about August 14, 2023, Plaintiff initially commenced this action in Passaic County Superior Court, which Defendant subsequently removed. (ECF 1, Compl.) Count One of Plaintiff's Complaint seeks remedy under New Jersey's Declaratory Judgment Act; Count Two alleges a cause of action under Section 1692e. (*Id.*) Defendant moved to dismiss pursuant to Rule 12(b)(6). (ECF 4, MTD.) Plaintiff opposed, and Defendant replied. (ECF 5, Opp.; ECF 9, Reply.)

II.     **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for "failure to state a claim upon which relief can be granted." For a complaint to survive dismissal under the Rule, it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard "does not impose a probability requirement, it does require

2

a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

## III.     ANALYSIS

Defendant moves to dismiss Plaintiff's claims based solely on the substantive merits. (*See generally* ECF 4, MTD.) However, before the Court can assess the sufficiency of the pleadings, the Court has an independent obligation to determine whether subject matter jurisdiction exists. *See Ballentine v. United States,* 486 F.3d 806, 810 (3d Cir. 2007). Thus, the Court must ensure it retains jurisdiction over this matter under Article III of the Constitution before addressing the merits of the underlying claims. *St. Pierre v. Retrieval-Masters Creditors Bureau, Inc.*, 898 F.3d 351, 356 (3d Cir. 2018). Under Article III, federal courts have jurisdiction to hear "cases" and "controversies." *Lutter v. JNESO*, 86 F.4th 111, 123 (3d Cir. 2023). Thus, for a plaintiff to bring an action in federal court, they must have a "personal stake," in a "case" or "controversy." *Raines v. Byrd*, 521 U.S. 811, 819 (1997). This is known as Article III standing.

To establish Article III standing, a plaintiff must allege they suffered "(1) a concrete, particularized, and actual or imminent injury, (2) that was likely caused by the defendant, and (3) would likely be redressable by a favorable judicial decision." *Morales v. Commonwealth Fin. Sys., Inc.*, No. 22-3388, 2023 WL 8111458, at *2 (3d Cir. 2023) (citing *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021)). "If 'the plaintiff does not claim to have suffered an injury that the defendant caused and the court can remedy, there is no case or controversy for the federal court to resolve.'" *TransUnion LLC*, 594 U.S. at 423 (quoting *Casillas v. Madison Avenue Assocs., Inc.*, 926 F.3d 329, 333 (7th Cir. 2019)). A plaintiff's injury must be concrete, meaning "real, and not

3

abstract." *Spokeo, Inc. v. Robins*, 578 U. S. 330, 340 (2016). However, a concrete injury may be either tangible, such as physical or monetary harm, or intangible, such as reputational harm. *TransUnion LLC*, 594 U.S. at 425. This case deals with the latter.

To establish an intangible, concrete injury, courts look to whether the alleged injury resembles "a close historical or common-law analogue." *TransUnion LLC*, 594 U.S. at 424. The Third Circuit has concluded the nearest common-law analogue for claims brought under Section 1692(e) of the FDCPA is the tort of fraudulent misrepresentation. *Huber v. Simon's Agency, Inc.*, 84 F.4th 132, 148 (3d Cir. 2023); *Morales*, 2023 WL 8111458, at *2. Further, the "'harm traditionally recognized as providing a basis for [fraudulent misrepresentation] in American courts' is not the mere receipt of a misleading statement, or even confusion, without any further consequence. It is the 'physical, monetary, or cognizable intangible harm.'" *Huber*, 84 F.4th at 148 (internal citations omitted). Accordingly, to sustain standing to bring his FDCPA claims, Plaintiff must establish he suffered an injury stemming from the fraudulent misrepresentation. *Huber*, 84 F.4th at 148. More precisely, Plaintiff must allege that he was harmed by a "consequential action or inaction following receipt of [Defendant's] debt collection [letter.]" *Huber*, 84 F.4th at 149.

According to the Complaint, Plaintiff was harmed by the letter because it caused him "confusion and frustrated his ability to intelligently choose a response to the letter." (ECF 1, Compl. ¶ 36.) The Complaint additionally alleges that the letter "caused Plaintiff to suffer confusion and an informational injury, which frustrated his ability to intelligently choose a response to the letter." (*Id.* ¶ 37.) These allegations are insufficient to establish standing. The Third Circuit has specified that "confusion, without more, is not a concrete injury. Instead, to analogize to the tort of fraudulent misrepresentation, a § 1692e claimant must suffer some cognizable harm

4

that flows from that confusion." *Huber*, 84 F.4th at 149. The record does not reflect any consequential action or inaction taken by Plaintiff following receipt of Defendant's letter. Accordingly, Plaintiff has failed to demonstrate that he suffered an injury, financial or otherwise. *See Morales*, 2023 WL 8111458, at *2-3 ("Mere confusion and the speculative risk of a lawsuit are not enough to confer standing to an FDCPA plaintiff.").[2] Because Plaintiff has failed to demonstrate that he suffered any harm because of the letter, the Court finds he has failed to establish Article III standing. As such, the Court does not have jurisdiction to hear this matter and will not opine on the merits of the underlying claims.[3] Plaintiff's Complaint is dismissed without prejudice.

## IV.   CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss (ECF 4) is **GRANTED**. The Complaint (ECF 1) is dismissed without prejudice. Within sixty (60) days, Plaintiff may file an amended complaint addressing the insufficiencies identified in this Opinion. An appropriate order follows.

---

[2] In the non-precedential case *Morales v. Commonwealth Financial System Inc.*, the Third Circuit concluded that plaintiff lacked standing to bring her claim under the FDCPA where she failed to allege she suffered any harm as a result of receiving an allegedly misleading debt collection letter: Plaintiff "has not pled any facts showing either that she relied upon [Debt Collector's] letter or that she suffered any consequence flowing from that reliance. Reading her complaint in the most favorable light, [Plaintiff] has simply shown she received an allegedly misleading letter — nothing more." 2023 WL 8111458, at *3. The same reasoning applies to the facts at bar.

[3] Plaintiff's first "count" seeks relief under the New Jersey Declaratory Judgment Act. (ECF 1, Compl. at 9.) However, under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996). The federal Declaratory Judgment Act and the New Jersey Declaratory Judgment Act are procedural in nature. *See Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937) ("The operation of the [DJA] is procedural only."). In that regard, when a plaintiff seeks a declaratory judgment under state law and the action is removed to federal court, such as here, the matter "is treated as though it had been filed under the [DJA]." *BCB Bancorp, Inc. v. Progressive Cas. Ins. Co.*, No.13-1261, 2013 U.S. Dist. LEXIS 187941, at *3 (D.N.J. Oct. 8, 2013) (citation omitted); *Kelly v. Maxum Specialty Ins. Grp.*, 868 F.3d 274, 281 n.4 (3d Cir. 2017) ("[W]e agree with the District Court that because federal courts apply federal procedural law in federal actions, the DJA and not state declaratory judgment law supplies the procedural law that governs this case."). Importantly, the Declaratory Judgment Act does not provide an independent basis for subject matter jurisdiction; it merely defines a remedy. *Allen v. DeBello*, 861 F.3d 433, 444 (3d Cir. 2017). As such, because Count I is premised on a form a relief rather than a cause of action, it cannot be pursued as a standalone claim and must also be dismissed. *See ECC Enter. Ltd. v. TD Bank, N.A.*, No. 23-3760, 2024 WL 1623059, at *2 (D.N.J. Apr. 15, 2024).

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:   Clerk
cc:     Jessica S. Allen, U.S.M.J.
        Parties